BRADLEY MORRISON *v.* HORATIO W. HEATH.

Where a joint contract was made by two persons, for a certain price, to erect a church, and was by them abandoned, a contract by one of the building committee, in his own right, with one of the contractors, alone, to erect said house at the same price, and he to pay the additional actual cost will sustain an action.

THIS was an action of assumpsit.

The declaration was as follows ;—

"In a plea of the case, for that whereas, heretofore, to wit, on the 26th day of January, A. D. 1836, at said Groton, one Ephraim Low, entered into a contract with Moses Plummer, John Bayley, 2d. Nathaniel Perkins, Isaac N. Hall and Horatio W. Heath, to build, erect and finish a meeting house in said Groton, for the sum of one thousand and fifty dollars, to be by them paid therefor, and which said contract the said plaintiff entered into with said Low, as surety for him ; and whereas, afterwards, on the same day, the said plaintiff agreed with said Low to go into partnership with said Low in the erection of said house—and in conjunction with said Low, did then and there enter upon the building of said house, and whereas, thereafterwards, to wit, on the same day said plaintiff and said Low, from some misunderstanding with said Bayley, Plummer, Perkins, Heath and Hall, in relation to said contract, and on finding there must be a great loss to them, said plaintiff and Low, in erecting said house at the sum of one thousand and fifty dollars, as aforesaid, said plaintiff and Low refused to proceed in the building and erecting of said house, and abandoned the same, leaving said Plummer, Bayley, Perkins, Heath and Hall to their remedy on said contract, and then and there gave them due notice of the same, he, the said Heath, then and there, in consideration that said plaintiff would resume the building of said house, and go on and erect, build and finish a good meeting house, then and there undertook and faithfully promise the plaintiff, that he, the said Heath, would pay and make up to said plaintiff, what said house should cost him, said plaintiff, over and above said sum of one thousand and fifty dollars. And the plaintiff avers, that relying on the said promise, and undertaking of said Heath, and in consideration of the same promise of him, the said Heath, he, the

plaintiff, did then and there resume the building of said house, and did thereafterwards, to wit, on the same day, build, erect and finish a good meeting house, to wit, at Groton aforesaid, and that to the acceptance of said Heath.

"And the plaintiff further avers, that the building, erecting and finishing said house, cost said plaintiff the sum of six hundred dollars over and above said sum of one thousand and fifty dollars, of all which said Heath, then and there had due notice and thereby became liable to pay to the plaintiff the sum of six hundred dollars, on demand, and in consideration thereof, thereafterwards, to wit, on the same day and year last aforesaid, at Groton, aforesaid, undertook and promised said plaintiff to pay him the same on demand."

After verdict for the plaintiff, the defendant filed his motion in arrest of judgment, for the insufficiency of the declaration. This motion was overruled by the county court, to which the defendant excepted.

*J. Mattocks*, for defendant.

*A. Underwood*, for plaintiff.

A consideration, which has for its object the *prevention of litigation and settlement of disputes* is sufficient. Chit. on Con. 36. Wats. on Arb. 23. *Farmer* v. *Stewart et al.* 2 N. H. Rep. 97. 1 Ves. Sen. 444. 1 Atk. R. 3. *Longridge* v. *Dorville*, 5 B. & A. Rep. 117. *Walter* v. *Smith*, do. 889. *Bank of England* v. ———— 6 Bing. R. 754. *Richardson* v. *Mellish*, 2 do. 229. 8 Moore's R. 435. Addis' R. 56. 1 Watts' R. 216. 2 Pennsylvania R. 531.

The opinion of the court was delivered by

COLLAMER, J.—It is undoubtedly true, as a general rule, that the performance of that which a man is already under legal obligation to do, can never be the consideration of additional understandings, by the other party; perhaps not even by third persons. Such however, is not the true character of this transaction.

It appears that the church was to be paid for when built, and it being ascertained that it would cost more than the price agreed upon, the contract was abandoned by the plaintiff and Low, who had *jointly* contracted to erect it. In

*Margin note:* CALEDONIA, July, 1839.

Morrison *v.* Heath.

that state of things the plaintiff was liable only for one half the loss. The defendant then, *alone*, contracted with the plaintiff, *alone*, to erect the church at the same price and promised to pay what it cost more. Now this was a new contract and upon a new consideration, and devolved the entire duty of erection upon the plaintiff *alone*. This new obligation or duty was a good consideration for the defendant's promise.

Judgment affirmed.