### JOHN J. WIDIMAN v. JAMES A. BROWN.

*Contract—Consideration.*

An agreement to pay that which the promisor has already con-
tracted to pay does not constitute a consideration for a *new*
promise to perform the same contract.

Error to Wayne.   (Hosmer, J.)   Submitted on briefs
October 31, 1890.   Decided November 14, 1890.

83 MICH.—16.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*William Stacey,* for appellant.

*Charles Flowers,* for plaintiff.

LONG, J. This cause was commenced in justice's court in the city of Detroit, where plaintiff had judgment for $88.82. The plaintiff declared in an action of *assumpsit,* and filed the following bill of particulars:

| | |
|---|---:|
| Balance due on contract for building house | $60 00 |
| Extra door | 8 00 |
| Glass for extra door | 3 00 |
| Two drawers, at $2.00 each | 4 00 |
| 28 feet sidewalk | 8 00 |
| 6 feet sidewalk to house | 2 00 |
| Two extra windows and glass | 12 00 |
| Total | $97 00 |

The defendant pleaded the general issue, gave notice of recoupment, and filed a bill of particulars as follows:

"Please take notice that the following is a bill of particulars of our claim for recoupment in this case, and for which we will claim damages on the trial:

| | |
|---|---:|
| For failure to put tar paper on the outside of the house, under the siding, as required by the contract | $100 00 |
| For failure to properly complete the oil finish on the interior of the house | 25 00 |
| Total | $125 00" |

From this judgment defendant appealed to the circuit court for Wayne county, where the cause was tried before a jury, and verdict and judgment passed for the plaintiff in the sum of $64.59. Defendant brings error.

The assignments of error all relate to the refusal of the court to charge as requested by defendant, and the charge of the court as given. The defendant, at the

close of the testimony, requested the court to charge as follows:

"1. If you find from the evidence that, at the time the defendant paid the plaintiff the three hundred and fifty dollars, the plaintiff agreed to come back and put on another coat of oil finish, and then was to be paid the remaining sixty dollars due on the original contract, these facts constitute in law a new contract; and if you also find that the plaintiff did not return and perform said work, then your verdict must be for the defendant.

"2. If you believe from the evidence that the plaintiff did not complete the house according to the contract, then you must deduct from the claim of the plaintiff the amount necessary to put the house in the condition required by the contract.

"3. If you believe from the evidence that it will cost more to put the house in the condition called for by the contract than is due the plaintiff on the original contract, then you should render a verdict for the defendant for the amount necessary over and above the plaintiff's claim.

"4. The defendant did not waive his right, to insist upon the completion of the house by taking possession of it.

"5. If you believe from the evidence that the defendant did not order the sidewalk built, then the plaintiff cannot recover for it.

"6. If you believe from the evidence that the plaintiff made the drawers charged for in his bill at the request of the defendant's wife, then the defendant cannot be made to pay for them.

"7. If you believe from the evidence that the plans and specifications called for the two windows charged for in plaintiff's bill of extras, then he cannot claim extra pay for them.

"8. If you believe from the evidence that there was a condition in the plans and specifications that the defendant was not to be charged for any extras, then he cannot be made to pay for any whatever."

It is claimed by the counsel for the defendant that none of these requests were given by the court, but, on a careful reading of the charge, it appears that each was

given in almost the identical language of the request, except the first, which was not given. In considering the questions raised under the refusal of the court to give this request, it becomes necessary to examine the claims of the parties as put forth upon the trial. Plaintiff built a house for the defendant upon contract. The contract price was $1,410. It is conceded that, on the last day plaintiff worked on the house, defendant made him a payment of $350, leaving a balance of $60 due under the original contract. Plaintiff also made claim for some $37 for extras. It was for this $60 and the $37 for extras that this suit was brought. Defendant contended on the trial, and that is the contention here, that when the plaintff quit work on the house, and demanded his pay in full, he (defendant) protested that the oil finish was not properly done, and he refused to pay him any more money; that plaintiff then agreed if he would pay him $350 he could retain the remaining $60 until the plaintiff put on another coat of oil finish; that he then paid him the $350, but plaintiff never put on the other coat. It is claimed by the first request that this constituted a new contract, and that the court should have so instructed the jury.

Counsel for defendant cites several cases from this Court which he claims bear him out in this assertion, but in this counsel is in error.[1] It is well settled that an agreement to pay that which a party has already contracted to pay does not constitute a consideration for a new promise to perform the same contract.[2] If the facts are as defendant's counsel claims, it was simply an agree-

[1] Ortman v. Green, 26 Mich. 209; Compton v. Blair, 27 Id. 397; Spicer v. Earl, 41 Id. 191; Goebel v. Linn, 47 Id. 489; Edwards v. Nelson, 51 Id. 121; Conkling v. Tuttle, 52 Id. 630.
[2] Counsel for plaintiff cited, in support of this proposition, Vanderbilt v. Schreyer, 91 N. Y. 392.

ment to pay the plaintiff the $60, which it is conceded was due under the original contract, when the building was completed. That is, the defendant claims that he agreed to pay plaintiff what he owed him if he would throw off the $37 for extras. Such a contract is without consideration, and cannot be upheld. *Vanderbilt v. Schreyer*, 91 N. Y. 392; Pol. Cont. 161; 1 Pars. Cont. 437. The court very properly instructed the jury upon this branch of the case as follows:

"If the plaintiff was required to put three coats of oil finish on the inside of the house, and three coats of oil finish were put on the inside of that house, and the work was done properly, the promise of the plaintiff to put on another coat would be a mere gratuity, and without consideration, and his failure, when he discovered that there were already three coats put on, to put on an additional coat, would not preclude him from the right to the full amount due under the contract."

The other questions raised under the charge of the court, as given, are purely questions of fact. The court very fully and fairly submitted the claims of the respective parties. The jury were specifically instructed that, if the plaintiff failed to complete his contract according to the specifications, the defendant would be entitled to recoup his damages.

We find no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.