L. P. CRIGLER, Appellant, v. THE STANDARD FIRE INSURANCE COMPANY, Respondent.

49  11<br>82  519

### Kansas City Court of Appeals, April 4, 1892.

1. **Insurance:** KEEPING BOOKS IN SAFE: WAIVER. An insurance policy required the insured to keep his invoices and inventories and books in an iron safe, or some secure place not exposed to a fire that would destroy the buildings where the business was carried on. At the time of making the application the insurer's solicitor was informed the insured had no iron safe. *Held*, the issuance of the policy with such information did not constitute a waiver of the alternative of keeping the books in a secure place, and a failure to so keep them would defeat a recovery.

2. ———: BEST EVIDENCE: CONDITION PRECEDENT. Where an insurance policy requires the insured to keep books showing a complete record of the business with invoices and inventories, such books and papers are the best evidence of the amount of the loss, and their production is a condition precedent to a recovery. (*Spratt v. Ins. Co.*, 13 S. W. Rep. 792, *distinquished.*)

3. Insurance: PRINTED SLIP: PART OF POLICY. A stipulation printed on a slip which is attached to a policy at the time of delivery will be taken as embraced in and constituting a part of the policy.

*Appeal from the Audrain Circuit Court.*—Hon. E. M. Hughes, Judge.

Affirmed.

*W. W. Fry*, for appellant.

(1) The provision, requiring plaintiff to keep a set of books in an iron safe, may be waived by the company. *Bernard v. Ins. Co.*, 38 Mo. App. 113; *Stavinow v. Ins. Co.*, 43 Mo. App. 517; *Ins. Co. v. Stone*, 42 Mo. App. 383. (2) Defendant's agents had knowledge, that plaintiff had no iron safe. *Thomas v. Ins. Co.*, 20 Mo. App. 150; *Roberts v. Ins. Co.*, 26 Mo. App. 92; *Parks v. Ins. Co.*, 26 Mo. App. 511; *Travis v. Ins. Co.*, 32 Mo. App. 198; *Russell v. Ins. Co.*, 55 Mo. 585. *Spratt v. Ins. Co.*, 13 S. W. Rep. (Ark.) 799, is decisive of our case. Such knowledge, even though the fact is required by the terms of the policy to be noted on its face, is a waiver of such requirement. *Combs v. Ins. Co.*, 43 Mo. 151; *Franklin v. Ins. Co.*, 42 Mo. 459; *Russell v. Ins. Co.*, 55 Mo. 594; *Breckinridge v. Ins. Co.*, 87 Mo. 62; *Ins. Co. v. Downs*, 13 S. W. Rep. (Ky.) 882. (3) The application filled out by defendant's agents was but a proposal, and was received by defendant with knowledge of the fact that plaintiff had no iron safe, and that the property was incumbered, and with this knowledge the policy was issued, and then the contract was complete. *Ins. Co. v. Stone*, 42 Mo. App. 386. (4) "A paper containing particular statements relating to the subject-matter of insurance

attached to the policy at the time it is executed is no part of the policy." May on Insurance [2 Ed.] sec. 158; *Bize v. Fletcher*, Doug. 13; *Baker v. Ins. Co.*, 25 Conn. 51; *Ins. Co. v. Morris*, 84 Ga. 759; 11 S. E. Rep. 895; *Spratt v. Ins. Co.*, 13 S. W. Rep. 799.

*Hugh C. Ward* and *James G. Trimble*, for respondent.

(1) To entitle the plaintiff to recover on a contract containing conditions precedent, he must allege and prove performance of all conditions precedent, or facts that excuse performance. R. S. 1889, sec. 2079; Whittlesey's Missouri Practice, p. 147; *Bayse v. Ambrose*, 32 Mo. 484; *Ins. Co. v. Wilkinson*, 13 S. W. Rep. 1103. (2) The "iron safe clause" was a part of the policy of insurance. May on Ins. [2 Ed.] sec. 158; *Landman v. Ins. Co.*, 19 Ins. Law Jour. 572. (3) There was no waiver by respondent of the " iron safe clause."

SMITH, P. J.—The plaintiff sued the defendant on a policy of fire insurance, which, amongst others, contained a clause providing that " the assured under this policy hereby covenants and agrees to keep a set of books, showing a complete record of business transacted, including all purchases and sales, both for cash and credit, together with the last inventory of said business; and further covenants and agrees to keep such books and inventory *securely locked in a fire-proof safe at night, and at all times when the store, mentioned in the within policy, is not actually opened for business, or in some secure place not exposed to a fire which would destroy the house where said business is carried on;* and in case of loss the assured agrees and covenants to produce such books and inventory, and, in event of failure to produce the same, this policy shall be null and void, and no suit or action at law shall be maintained thereon for any such loss."

The answer, as a defense, pleaded non-performance of the conditions of this clause by the plaintiff. The replication pleaded a waiver by defendant of the performance. The evidence adduced at the trial showed that when defendant's agent took plaintiff's application he was informed that plaintiff had no iron safe. The trial court instructed the jury that, upon the pleadings and evidence, the plaintiff was not entitled to recover for that portion of his insurance which was upon the stock of merchandise. The plaintiff appeals.

It is to be observed that by the clause of the policy in question the plaintiff not only agreed to keep a set of commercial books with the last inventory of his business, but to keep such books and inventory securely locked in a fireproof safe at night, and at all times that the store was not actually open for business, or in *some secure place not exposed to the fire that would destroy the house in which the plaintiff carried on his business*. The plaintiff bound himself to keep his books and inventory in the one place or the other. He could exercise his option as to that. While he was not required to do both, he was required to do one or the other accordingly as he should elect. There could be no compliance with this fundamental condition of the policy without this unless there was a waiver by the defendant.

The plaintiff contends that as he informed the defendant's agent at the time he made his application that he had no iron safe, that, when the defendant subsequently issued the policy with this knowledge, it thereby waived the performance of the conditions imposed upon plaintiff by the "iron safe clause." Now if it be conceded that the defendant knew when it issued the policy that the plaintiff did not have an iron safe, and that this knowledge was a waiver of the term of

the clause requiring the keeping of the plaintiff's books and inventory in an iron safe, still the other requirement of the clause to keep his books and inventory "in some place not exposed to the fire that would destroy the house where said business is carried on," which was not embraced in the waiver, would remain unperformed. There is not the slightest pretext that this requirement was performed, nor that performance was excused by defendant. Indeed, this stands practically admitted by both the pleadings and the evidence. It was the duty of the plaintiff to comply with this agreement in the policy. This, the contract required as a condition, upon the performance of which, his right of recovery depended. May on Insurance, sec. 156; *Ins. Co. v. Wilkerson*, 13 S. W. Rep. 1103.

The plaintiff testified that his ledger and a book which showed the amount of goods sold, and to whom, were not destroyed by the fire; that he never left them in the store at night. But that his other books, invoices and last inventory were burned in the fire. He further testified that he kept a set of single-entry books, which, with the exception mentioned, had been left in the store and were burned. If the plaintiff had taken the same precaution with respect to his other books as he did as to his day book and ledger, he would not be in default as he is. The condition of the policy was no doubt inserted therein for the purpose of enabling the insurer in case of loss to ascertain with some certainty the amount thereof, and to protect itself against fraud and imposition. When there is no inventory, invoice and books of account kept and preserved, is not the insurer at the mercy of the insured? The defendant sought to protect itself by the reasonable provisions of this clause. How could a court or jury determine whether the plaintiff had observed that part of his covenant to keep a set of books showing a complete record

of his business including purchases and sales both for cash and credit, together with his last inventory without the production of them? These would afford the best evidence of the amount of the loss, and, as the store was burned in the night time when not open for business, the defendant had, under the policy, the right to the production of the same for the purpose of ascertaining the extent of plaintiff's loss, unless this right was in some way waived, which we do not think to be the fact. This was a condition precedent to the plaintiff's right of recovery.

The case of *Spratt v. Ins. Co.*, 13 S. W. Rep. 799, much relied upon by plaintiff, is not in point in this case. The policy there had a clause similar to that here. When the solicitor was preparing the application the applicant told him that he had no safe, and would keep the books in his dwelling which was a part of the building insured. The answer of the applicant showed that the books would be kept in a designated place. This was discoverable upon the application, and was known to the solicitor. It was held that the company thus advised of the purpose of the assured, without objection to it, issued the policy, and thereby acquiesced in the purpose expressed. The case, if an authority at all, is more favorable to the defendant than the plaintiff for the reason that the application of plaintiff is silent as to where his books would be kept. The "iron safe clause" of the policy was, as near as we can understand it, printed on a slip which was attached to and made part of the policy. It was so attached when received by plaintiff. It is objected by plaintiff that on this account the clause is no part of the policy. The rule is that stipulations such as the one here will be taken as embraced in and constituting part of the policy, if they appear anywhere upon its face though not written in the body.

May on Insurance, sec. 158; *Landman v. Ins. Co.,* 19 Ins. Law Jour. 572. According to this rule the clause was properly regarded as part of the policy.

As it was in effect admitted that the plaintiff had not complied with that part of the iron-safe clause to which we have referred, and as there has been no waiver thereof by defendant, we think there is no error in the action of the trial court, and we will affirm the judgment. All concur.