# KOERPER, Respondent, v. ROYAL INVESTMENT COMPANY, Appellant.

## St. Louis Court of Appeals, November 17, 1903.

1. **Contract: REASONABLE TIME TO PERFORM.** Where no time is fixed in a building contract for the completion of the work, the contractor is bound to complete it in a reasonable time.

2. ———: **ABANDONMENT: QUESTION FOR JURY.** Where no time is fixed in a building contract for the completion of the work, and defendant (the owner) contends that the plaintiff (the contractor) has abandoned the contract, and gave several notices to plaintiff informing him that he (defendant) would insist on his legal right to have the work done in a reasonable time, but plaintiff contended that the delay was caused by the refusal of defendant to pay him, the question of abandonment of the contract by plaintiff was properly submitted to the jury.

3. ———: **NUDUM PACTUM.** Where the only consideration for a supplemental building contract, providing for a forfeiture in case of failure to complete the work within a given time, was the defendant's promise to pay plaintiff what was then due under the original contract, the consideration was inadequate to support the agreement for a forfeiture.

4. ———: **ABANDONMENT: INSTRUCTION.** An instruction which told the jury that if plaintiff voluntarily abandoned his original contract, or failed or refused to proceed with the work under it, and defendant, after such failure, notified him that it was cancelled because of such failure, and if plaintiff, subsequent to his abandonment, consent to cancellation, or failure, on receipt of such notice, signed another contract, the latter was a valid agreement, correctly declared the law.

5. ———: ———: ———. An instruction, which told the jury that the contract required plaintiff to complete the work in a reasonable time, and if the jury believed that plaintiff was repeatedly notified to go on with it, but failed to do so, then defendant had a right to cancel the contract, was properly refused by the trial court because it did not take into account plaintiff's evidence that his failure to go on with the work was due to defendant's refusal or failure to pay the first installment of the price of the work.

Appeal from St. Louis City Circuit Court.—*Hon—— Judge.*

AFFIRMED.

*Adiel Sherwood* and *Joseph S. McIntyre* for appellant.

(1)   Defendant's permission to plaintiff to complete the work under the cancelled contracts of February 18, 1902, which plaintiff had no right to do but for defendant's waiver of its right to do the work at plaintiff's expense, was a valuable consideration to support the contract of June 23, 1902.   "The smallest spark of consideration is sufficient to support a contract deliberately made."   Husband v. Epling, 81 Ill. 172; Long v. Town, 42 Mo. 545; McKinley v. Watkins, 13 Ills. 140; Sanborn v. French, 22 N. H. 248; Train v. Gold, 5 Pick. 384; Given v. Corse, 20 Mo. App. 132; 1 Parson's Cont. (7 Ed.), 472-3; Bowen v. Tipton, 1 Cent. Rep. 494; Glasscock v. Glasscock, 66 Mo. 627; 6 Am. and Eng. Enc. of Law (2 Ed.), 689; Vogel v. Meyer, 23 Mo. App. 427; Foulkner v. Gilbert, 77 N. W. Rep. 1072; Haskell v. Tukesbury, 92 Me. 551; Lindell v. Rokes, 60 Mo. 249.
(2)   It is sufficient to constitute a valuable consideration if some benefit accrues to the person who makes the promise, or if a loss or inconvenience is sustained by him to whom it is made although without benefit to the promisor.   Willats v. Kenedy, 8 Bing. 5; Foster v. Fuller, 6 Mass. 58; Heldreth v. Pinkerton Acad., 30 N. H. 227;   Warren v. Whitney, 24 Me. 561;   Powell v. Brown, 3 Johns. 100;   Lawrence v. Fox, 20 N. Y. 268; Carr v. Card, 34 Mo. 513; Story on Contracts, secs. 429, 431.   (3)   It is not necessary that there should be a benefit or advantage to the promisor; inconvenience, trouble or expense to the promisee will make the consideration valuable in law.   Block v. Elliot, 1 Mo. 275; Halsa v. Halsa, 8 Mo. 303; Mullanphy v. Reily, 8 Mo. 675; Hudson v. Busby, 48 Mo. 35; Williams v. Janson, 75 Mo.

681; Houck v. Frisbee, 66 Mo. App. 16; Hartzell v. Saunders, 49 Mo. 433.

*C. W. Rutledge* for respondent.

(1)   An agreement to pay money which is already due forms no consideration to support a new promise on the part of the other party.   The contract of June 23 was without consideration.   Brown v. Kirk, 20 Mo. App. 524; Harrison v. Murry Iron Works, 70 S. W. 261. (2)   The jury shall find the facts, the court the law, and in a case where the jury have found the facts do not exist on which the court should declare the law, it is immaterial that the court has erroneously declared the law on such facts.   May v. Crawford, 150 Mo. 504; Fout v. Giraldin, 64 Mo. App. 165; Lingenfelder v. Wainwright Brew. Co., 103 Mo. 578.   (3)   The refused instructions of defendant were not predicated on or supported by any evidence, and were properly refused on that account.   Gorman v. Railroad, 113 Mo. 408; Moore v. Hawk, 57 Mo. App. 495.   (4)   Where the judgment is manifestly for the right party, it should be affirmed, regardless of errors occurring at the trial. Grocery Co. v. Grossman, 73 S. W. 292; Fairbanks v. Long, 91 Mo. 628.

GOODE, J.—This is an action to enforce a mechanic's lien for work done on the dwelling house No. 4623 Berlin avenue in St. Louis.   What we are concerned with is a counterclaim set up by the defendant wherein it claims a forfeiture of five dollars a day for twenty-nine days, or one hundred and forty-five dollars.   Plaintiff Koerper, who did business under the style of the American Stair Company, agreed to put in the stairways of said dwelling and some others then being constructed by the defendant.   The contract was made by the following proposal, which was accepted by the defendant:

"St. Louis, Mo., Feb. 18, 1902.
"Royal Investment Co.:

"We propose and agree to furnish and build the following stairs called for under the heading of stairs in and according to the plans and specifications prepared by............, architect, for the building to be erected for one house owner, located at 4623 Berlin avenue, unless otherwise specified below:

1 main flight of stairs, quarter white oak;

1 rear flight of stairs, yellow pine.

1 attic flight of stairs, yellow pine.

for the sum of two hundred and eight dollars, $208.00.

"Terms:    One-half cash when stairs are roughed up; balance due when same are completed.

"Respectfully,

"AMERICAN STAIR Co.,

(Accepted.)                    By L. J. Koerper."

Koerper was slow about finishing the stairs—unreasonably slow the defendant asserts; and was several times notified by the latter to expedite the work on the stairs of this and the other houses. Those notices failed to hasten the work rapidly enough to satisfy the defendant; so on June 20, 1902, a letter was addressed to the plaintiff notifying him of the cancellation of his contracts. Said letter was as follows:

"June 20, 1902.

"American Stair Company, City:

"Gentlemen:—You are hereby notified that we this date cancel your contracts for 4623-33 Berlin avenue and 5053 Westminster Place owing to the fact that you have failed to do anything you have agreed to do.

"We do this after sending a representative to your office to find out whether you are in a position to complete the work and whether you have the material on hand, which we find you have not; besides there is nobody there to attend to business.

"We will have the work finished and charge the same to your contract account. We will have it finished at once.

> "Yours truly,
> "ROYAL INVESTMENT Co.,
> "C. R. H. Davis, Pres."

This letter was received on the day it was written and plaintiff thereupon called the president of the defendant company by telephone and protested against the attempted cancellation, as he had almost finished the work. Davis told Koerper to come to the former's office and they would talk the matter over. Koerper went and the result of the interview was the submission of the following proposal by the plaintiff and its acceptance by the defendant:

> "St. Louis, June 23, 1902.

"Royal Investment Company, City.

"Gentlemen:—We agree to finish complete 4623 Berlin avenue by the first day of July or forfeit $5.00 a day for every day after July 1st, that expires until the stairs are completed.

"We also agree to finish 4633 Berlin avenue by July 5th or forfeit $5.00 per day.

"We also agree to finish 5053 Westminster Place complete by July 6th or forfeit $5.00 per day.

"If in the event over five days should elapse between the date we agree to complete the stairs, we hereby authorize the Royal Investment Company to have the stairs completed at our expense.

"It is agreed and understood that the payment is to be spot cash upon the completion of each house, providing the other work is progressing according to this agreement.

> "Yours truly,
> "AMERICAN STAIR COMPANY,
> "Per J. L. Koerper."

After the execution of that agreement the work still proceeded slowly, notwithstanding hurry notices from the defendant, and was not finished until the latter part of July; plaintiff says the 26th and defendant the 29th.

The counterclaim is based on the provision of the last contract for a forfeiture of five dollars a day unless the stairs were completed by July 1st. Koerper asserts that the sole cause of the delay prior to June 23d, when the contract for a forfeiture was signed, as well as subsequent to that date, was the failure of the defendant to pay him one-half the contract price when the stairs were done in the rough, as, by the original contract, the defendant was bound to do so; that on account of not being paid he was unable to get material or hands to finish the work. He further contends that the sole consideration for his signing the contract providing for a forfeiture, was the agreement of the defendant to pay what was due him on account.

The circuit court held the provision for a forfeiture of five dollars a day should be treated as penalty instead of liquidated damages, and that in no event was the defendant entitled to recover more than nominal damages on its counterclaim, as it made no proof of actual damages. The defendant insists that this ruling was erroneous; and that is the main proposition discussed by its counsel. But for the question of penalty or agreed damages to become material, it is indispensable that the contract providing for forfeiture should be supported by a consideration; otherwise whatever its meaning is, it is a nude pact.

One theory of consideration presented by the defendant is that in making the second contract it waived any claim for loss theretofore entailed by plaintiff's failure to complete the stairs in a reasonable time. Suffice to say as to this proposition, that there is nothing in the contract of June 23d referring to a claim by defendant

for damages for previous delay or undertaking to waive such a claim.

Another proposition relied on in this connection is that if the plaintiff had broken his agreement prior to June 23d, by failing to finish the stairs in a reasonable time and remained in default after repeated demands for performance, those facts gave the defendant a right to cancel the original contract, as it undertook to do on June 23d; and that the original contract being then at an end, the parties made a new one, giving the plaintiff until July first to finish the stairs and binding defendant to pay him the price originally stipulated.

The first agreement contains no clause providing for its annulment or rescission by one party for the other's breach. The defendant's right to rescind it for non-performance by plaintiff depends therefore on the rules of contract law which define the limits of the right to rescind for a breach.

No time having been fixed in the first contract for the completion of the work, plaintiff was bound to complete it in a reasonable time. Bryant v. Saling, 4 Mo. 522; Salisbury v. Renick, 44 Mo. 554. The several notices given to the plaintiff informed him that defendant was insisting on its legal right to have the work done in a reasonable time; and protracted delay on his part without good cause or excuse, might have constituted such a breach of the contract as would justify the defendant in treating it as abandoned and taking steps to have the work finished by some one else. 2 Parsons, Contracts (8 Ed.), p. 794; Dubois v. Canal Co., 4 Wend. 285; Lake Shore Ry. Co. v. Richards, 30 L. R. A. 33; Miller v. Phillips, 31 Pa. St. 218; Cook v. Hamilton Co. Comrs., 6 Fed. Cases (No. 3157) 392. By no means every breach of a contract by a party entitles the other party to regard it as abandoned; and it is not always easy to tell what breach is sufficient to do so. One rule is that when the failure or refusal to perform substantially deprives the innocent party of the benefit that would arise

from performance—in other words, goes to the entire consideration that induced him to make the contract—he may treat it as abandoned by the non-performing party. Freeman v. Taylor, 8 Bing. 124; Geary v. Bangs, 37 Ill. App. 301; Tarrabochia v. Hickie, 1 Hurlst. & N. 182; Walt v. Springfield Seed Co., 94 Mo. App. 76. The consideration for the defendant's agreement with the plaintiff was the building not, the partial building, of the stairs; and delay in finishing a job of that sort could be extended until it operated to practically destroy the benefit or consideration which prompted the owner to contract. One may readily see that a contractor engaged to construct some detail of a building in process of erection, might be guilty of such obstinate delay after notice to expedite the work, as would render it necessary for the owner of the building to have some one else complete that particular work, or do without his house indefinitely. But this case presents disputed facts as to the abandonment of the first contract by the plaintiff; so a conclusion can not be pronounced as a matter of law one way or the other. Plaintiff's contention is that the delay was forced by the refusal of the defendant to pay him; while the defendant's is that it was causeless and inexcusable. The question of abandonment was, therefore, for the jury. Chouteau v. Jupiter Iron Works 94 Mo. 388. It is only when the facts are shown without conflict that the question is one of law. Henry v. Bassett, 75 Mo. 89; Casey v. Gunn, 49 Mo. App. 14. It was submitted to the jury, and what we are to determine is the soundness of the court's rulings on the instructions requested by the two parties relating to that issue.

For the plaintiff the court instructed the jury that if they found the only consideration for plaintiff's signing the contract for a forfeiture was defendant's promise to pay him anything already due under the first agreement, they should find a verdict for the plaintiff on the counterclaim. That instruction was proper as presenting the phase of the facts testified to by the plain-

tiff; namely, that the only consideration for the contract of June 23d, providing for a forfeiture, was defendant's promise to pay what was then due. As there was testi-mony to support this theory, it was right to instruct on it. Such a promise would be an inadequate consider-ation for plaintiff's supplemental agreement for a daily forfeiture. Lingenfelder v. Brewing Co., 103 Mo. 578; The first agreement contained no forfeiture clause and an agreement to modify a previous one must be sup-ported by a new consideration. Henning v. Ins. Co., 47 Mo. 425; Merrill v. Trust Co., 46 Mo. App. 236.

Another instruction given for the plaintiff, may or may not have been accurate in treating the forfeiture as penalty instead of liquidated damages; but we are not concerned with that point now. The point of im-mediate moment is, whether it was accurate in its treat-ment of the issue of cancellation or abandonment. On that issue it told the jury that if plaintiff voluntarily abandoned the original contract or consented to its can-cellation, or failed and refused to proceed with the work under it, and defendant, after such failure, notified him that it cancelled said contract because of his failure, and plaintiff subsequent to his abandonment, consent to the cancellation, or receipt of such notice, signed the con-tract of June 23d, it was a valid agreement. That charge, therefore, finds an adequate consideration for the second contract in either of these three contingencies, to-wit: first, an abandonment of the original contract by the plaintiff; second, his consent to its cancellation; third, his refusal to proceed with the work and notice of rescission by defendant given because of such refusal. It is obvious that the first and third contingencies are in effect one; for an outright refusal, without good cause, to complete the work would be an abandonment, and the instruction couples failure and refusal to proceed by the conjunctive participle. The second contingency was a rescission by consent; which would have been valid of course. The effect of the instruction was that

if the jury found the plaintiff agreed to a rescission of the first agreement, or refused to do the work called for, the second agreement was valid; and that is the law.

Defendant asked an instruction declaring that the contract of February 15th required plaintiff to complete the work in a reasonable time, and if the jury believed it was not completed in a reasonable time, and plaintiff was repeatedly notified to go on with it, but failed to do so, then defendant had the right to cancel the contract, etc. The deficiency in the statement of facts declared in that charge to afford just ground for rescission by the defendant, is, that it took no account of the plaintiff's evidence that his failure to go on with the work was due to the defendant's refusal or failure to pay the first installment of the price. Defendant had no right to rescind for plaintiff's non-performance, if its own non-performance prevented him from performing. Eberly v. Curtis,·5 Mo. App. 596; Smith v. Coal Co., 36 Mo. App. 567; Preble v. Bottom, 27 Vt. 249.

The other difference between the plaintiff's and the defendant's instructions is that the former treat the forfeiture clause as providing a penalty and the defendant's as stipulating the damages to be recovered if the stairs were not finished in time. The court adopted the plaintiff's view of that question and its ruling would make it necessary to decide whether the provision was for penalty or stipulated damages, but for the fact that the verdict went against the defendant on its counterclaim; thus demonstrating that the jury found the plaintiff neither abandoned the original contract, consented to its cancellation or failed and refused to proceed with the work under it. This was equivalent to finding that there was no consideration for the contract of June 23d, except a promise by the defendant to pay plaintiff what was already due; for the only contingency in which the jury was directed to disallow the counterclaim entirely was a finding that such a promise and nothing else was the consideration. If they found the original contract

had been abandoned by plaintiff or he had refused to proceed with the work, or consented to its cancellation, they were instructed to allow nominal damages, namely, one dollar, on the counterclaim.' As the jury disallowed the counterclaim, it is unnecessary to pass on the question of penalty or liquidated damages.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.