BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1912.

WILLIAM O'CONNOR, Appellant, v. COLUMBIA
INSURANCE COMPANY, Respondent.

St. Louis Court of Appeals, December 14, 1912.

1. INSURANCE: Construction of Policy: Stipulations in Margin.
Where an insurance policy stated that the insurance effected
by it was "subject to conditions as in the margin," a stipula-
tion in the margin, which was the only part of the policy pur-
porting to state the risks insured against, was part of the policy
and was controlling on the question as to the risks insured
against.

2. ———: ———: ———: Facts Stated. An insurance policy
gave insurance against loss on "twelve mules, in event of loss
no one animal to be valued at more than $225 against total loss
or general average only." Another clause stated that the
insurance was "subject to conditions as in the margin," and a
marginal stipulation stated what risks were insured against.
*Held*, that the body of the policy did not state the risks insured
against; the phrase, "against total loss or general average only,"
being a marine insurance phrase which limits liability by
reference to the extent of the loss but does not refer to the
cause of the loss; and hence it is *held* that the marginal
stipulation was controlling as to the risks insured against.

3. ———: Ingredients of Policy. The risk or cause of loss or
damage insured against is a necessary ingredient of an insur-
ance contract concerning property.

169 Mo. App.]                    (150)

4. ———: Construction of Policy: Implied Risks. An insurer's obligation to insure against other risks than those expressly stated in the policy cannot be implied from the nature of the transaction, since the law will not imply a promise or obligation of a person repugnant to his own express declaration.

5. ———: Action on Policy: Loss Within Risk: Burden of Proof. Where personal property is insured against fire, derailment or collision, the insured has the burden of proving that his damage was due to one of such causes.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED AND REMANDED.

*Robert & Robert* for appellant.

(1) The body of the policy controls. If provisions are inconsistent, those most favorable to the insured govern, especially where the inconsistent provision is in the margin. Dezell v. Casualty Co., 176 Mo. 292; Brown v. Ins. Co., 45 Mo. 221; Arches v. Ins. Co., 43 Mo. 434; Roark v. Surety Co., 130 Mo. App. 401; Fogelsong v. Ins. Co., 121 Mo. App. 548; Columbia Co. v. Casualty Co., 104 Mo. App. 157; Renn v. Supreme Lodge, 83 Mo. App. 442; Cunningham v. Casualty Co., 82 Mo. App. 607; Burnett v. Ins. Co., 68 Mo. App. 343; Hoffman v. Ins. Co, 56 Mo. App. 301; Hale v. Ins. Co., 46 Mo. App. 508; 1 Wood on Ins., p. 161; Western Ins. Co. v. Cropper, 32 Pa. St. 351. (2) Written parts of a contract of insurance control and are superior to the printed parts. Archer v. Ins. Co., 43 Mo. 434. (3) "Total loss" meant loss of the services of the mules; it certainly did not mean that the company should pay only in the event of their death. Fogleson v. M. B. A., 121 Mo. App. 548; McMahon v. Supreme Council, 54 Mo. App. 468. (4) Where there is no market at the place a loss occurs,

it is competent to show by other means what the damages were. Prettyman v. Railroad, 13 Ore. 341; City of Dallas v. Allen, 40 S. W. 324; Railroad v. Carr, 91 S. W. 858; Murray v. Stanton, 99 Mass. 345; Railroad v. Stanford, 12 Kan. 354; Watt v. Railroad, 23 Nev. 154.

*Ellerbe & Brokaw* for respondent.

(1)  The policy covered only losses directly resulting from the enumerated perils of fire, derailment or collision.  Cooley's Briefs on Insurance, vol. 3, pp. 2877, 2881, 2895; Soelberg v. Assurance Co., 119 Fed. 23; Paddock v. Insurance Co., 104 Mass. 521; Cory v. Insurance Co., 107 Mass. 140; Marcardier v. Insurance Co., 8 Cranch, 39; Roe v. Insurance Co., 17 Mo. 301; Moore v. Perpetual Ins. Co., 16 Mo. 98; Neilson v. Insurance Co., 3 Duer, 455; McLaughlin v. Insurance Co., 57 Me. 170; Insurance Co. v. Adler, 65 Md. 162; Lake v. Insurance Co., 13 Ohio, 48; Teasdale v. Insurance Co., 3 Am. Dec. 705; Hugg v. Insurance Co., 7 Howard, 595; Co-operative Assn. v. Thompson, 2 King's Bench, Law Rep. 1910, p. 145.  (2)  The words "total loss" must be considered together with the words "or general average only" to ascertain their meaning. The words "total loss or general average only" have a well-defined meaning anl are not ambiguous, nor are they inconsistent with the condition in the margin. Insurance Co. v. Bland & Coleman, 9 Dana (Ky.), 143; Bouvier's Law Dictionary; Washburn & Moen Mfg. Co. v. Reliance Ins. Co., 179 U. S. 1; Soelberg v. Assurance Co., 119 Fed. 23; Hugg v. Insurance Co., 7 Howard, 595.  (3)  The burden of proof rests upon the plaintiff to establish that the loss resulted from one of the perils enumerated in the policy.  Cooley's Briefs on Insurance, vol. 3, p. 2822; Soelberg v. Assurance Co., 119 Fed. 23; Paddock v. Insurance Co.,

104 Mass. 521; Cory v. Insurance Co., 107 Mass. 140; Marcardier v. Insurance Co., 8 Cranch, 39; Teasdale v. Insurance Co., 3 Am. Dec. 705. (4) The temporary loss of the estimated daily value of the use of the mules is an improper measure of damages under the policy. The policy covered only the total or permanent loss of the mules directly resulting from one of the enumerated perils. Soelberg v. Assurance Co., 119 Fed. 23; Marine & Fire Ins. Co. v. Bland, 9 Dana (Ky.), 143; Washburn & Moen Mfg. Co. v. Insurance Co., 179 U. S. 1; Teasdale v. Insurance Co., 3 Am. Dec. 705. (5) The courts will eliminate a condition or warranty from an insurance contract only where the meaning thereof is ambiguous or it is plainly conflicting with or repugnant to other provisions. Where words are susceptible of only one meaning a condition even though apparently harsh must be enforced. Bradshaw v. Benevolent Association, 112 Mo. App. 435; Dezell v. Casualty Co., 176 Mo. 253; Archer v. Isurance Co., 43 Mo. 434; Columbia Co. v. Casualty Co., 104 Mo. App. 434; Lake v. Insurance Co., 13 Ohio, 48. (6) Plaintiff failed to make a case as his proof did not support his petition in that he failed to prove any damages or to show the value to him of the daily use of the animals or any loss sustained because of his having been deprived of their use.

CAULFIELD, J.—Suit to recover $450 on a policy of insurance covering a shipment of twelve mules, two of the mules having been damaged. There was a verdict for plaintiff, but the circuit court granted a new trial on the ground that "plaintiff is not entitled to recover under the petition and the evidence," and the plaintiff has appealed.

The policy sued on proceeds as follows·

Marks and Nos.

HENRY O'FLYNN
INSURANCE.

ST. LOUIS.

CONDITIONS

Free from loss or damage unless cause by fire, derailment or collision.

The assured warrants to report any loss under this certificate immediately to the office of the company, 79-85 Wall Street, New York, or to W. D. Hemenway, St. Louis, Mo.

CERTIFICATE OF INSURANCE

COLUMBIA INSURANCE COMPANY.
No. 2139.                    $2600
                        at ¼-$6.50

A Joint Stock Company
Incorporated under the laws of the State
of New Jersey.

New York Agency, 79 Wall Street, N. Y.
                F. Hermann, Manager.

St. Louis, Mo., March 11th, 1909.
THIS IS TO CERTIFY, that on the 12th day of March, 1909, this company insured for Wm. O. Connor Twenty-six Hundred Dollars on 12 mules, in event of loss no one animal to be valued at more than $225 against total loss or general average only.
Value at sum insured.
Shipped per Rock Island R. R. at and from St. Louis, Mo., to Tucumcari, New Mexico. Loss if any, payable to the order of assured.
This insurance subject to conditions as in margin and on back, hereof.
IN WITNESS WHEREOF, etc.

(The form used is conceded to be one intended for marine insurance.)

There was no evidence adduced at the trial that the damage to plaintiff's mules was caused by "fire, derailment or collision." If, then, the marginal stipulation is part of the policy and enforceable as such and plaintiff had the burden of proving that the damage was due to one of the three causes mentioned therein, the order granting a new trial must be approved.

The policy expressly states that the insurance effected thereby is "subject to conditions as in margin," and there can be no doubt that the stipulation in the margin is part of the policy. [See 1 May on Insurance, sec. 158; Crigler v. Standard Fire Ins. Co.; 49 Mo. App. 11.] It must be regarded as controlling, too, because it is the only part of the policy which purports to state the risks or causes of loss or damage insured against. The body of the policy is entirely lacking in that respect, except by referring to the

margin. It states merely that defendant "insured for Wm. O. Connor Twenty-six Hundred Dollars, on 12 mules." Nothing is said as to what is insured against. The phrase "against total loss or general average only" is a marine insurance phrase which limits liability by reference to the extent of the loss. It does not refer to the cause of loss. That the risk or cause of loss or damage insured against is a necessary ingredient of an insurance contract concerning property, see Tyler v. New Amsterdam Fire Ins. Co., 4 Robertson's Reports (N. Y. Super. Ct.), 151; The First Baptist Church v. The Brooklyn Fire Ins. Co., 28 N. Y. Rep. 153, 161. It cannot be justly urged that defendant's obligation to insure against other risks than those expressly mentioned in the margin, may be implied from the nature of the transaction, because the law will not imply a promise or obligation of a person against his own express declaration. Such declaration is repugnant to any implication of a promise or obligation. [Suits v. Taylor, 20 Mo. App. 166.]

Not only is the marginal stipulation controlling but it is unambiguous, plainly limiting defendant's liability to loss or damage caused by fire, derailment or collision.

Now, as to the burden of proof. This is not a case where one clause in a policy has the effect of taking out of another clause something that would otherwise be included in it. There is only one clause, the marginal one, on the subject in question. Thereby the plaintiff's property was insured only against three things, and there is no doubt that he had the burden of proving that his damage was due to one of them. [The St. Louis Gas Light Co. v. Am. Fire Ins. Co., 33 Mo. App. 348; Laessig v Travelers' Protective Assn, 169 Mo. 272, 69 S. W. 469; 3 Cooley's Briefs on Insurance, p. 2882.]

The judgment is affirmed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.