BANTA, Respondent, v. THE CONTINENTAL CASUALTY COMPANY, Appellant.

St. Louis Court of Appeals, November 17, 1908.

1. ACCIDENT INSURANCE: Contract: Construction: Negligence. Where the insured in an accident policy was injured by jumping off a car on which he was riding when danger of a collision was imminent, the liability of the insurer will be controlled by the law of contracts; · the doctrine of contributory negligence on the part of the insured will have no application.

2. ———: ———: ———: ———. If the effect of an insurance contract is clear, it must be enforced as written without adding an increased liability by construction; though where the terms of the contract are of doubtful meaning, they will be construed most strongly against the company.

3. ———: ———: ———: "Getting Off Car." A policy of insurance provided for a double indemnity against accidents to the insured while riding as a passenger upon certain mentioned vehicles, but a single indemnity only while "getting on or off." The insured while riding on a trolley car, a vehicle mentioned in the policy, on danger of a collision, jumped off and broke his leg in alighting upon the ground. *Held*, the company was only liable for a single indemnity because, within the meaning of the contract, he was getting off.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

REVERSED AND REMANDED (*with directions*).

*Edwin. S. Puller* and *Manton Maverick* for appellan; *Henry H. Furth* of counsel.

(1) Insurance policies should be construed in accordance with their plain language. Anable v. Fid. & Cas. Co., 63 Atl. 92; Conway v. Insurance Co., 140 N. Y. 79, 83; Insurance Co. v. Vandecar, 86 Fed. 289; Ripley v. Insurance Co., 16 Wall. 336. (2) The policy constitutes the only relation between the parties and governs their legal rights. Lamb v. Insurance Co., 48 N. Y. Supp. 125; Appleby v. Insurance Co., 54 N. Y. 258; Huston v. Insurance Co., 66 Ohio St. 246; Hull v. Accident Assn., 41 Minn. 231, 234; Insurance Co. v. Randolph, 78 Fed. 767; Insurance Co. v. Martin, 32 Md. 312; Carr v. Insurance Co., 100 Mo. App. 602. (3) Every provision of the policy not illegal or immoral will be presumed to be material to the obligation and will be enforced. Allen v. Insurance Co., 123 N. Y. 12; Janneck v. Insurance Co., 162 N. Y. 574; Russell v. Insurance Co., 176 N. Y. 189. Conditions in accident policies that the insurance shall not extend to, nor double indemnity be paid for, injuries received while entering or leaving a car are valid and will relieve the insurer from liability if the injury is so received. Bigelow v. Insurance Co., 93 U. S. 284; Insurance Co. v. McConkey, 127 U. S. 661; Insurance Co. v. Seaver, 19 Wall. 531; Insurance Co. v. Brookover, 71 S. W. 123.

*John C. Vaughan* for respondent.

(1) Indemnity while insured is traveling in a car has been held to cover injuries sustained in the course of a journey, even though the insured, at the time of

the injury, had actually alighted.  1 Amer. and Eng. Ency. of Law (2 Ed.), 305; Tooley v. Insurance Co., 3 Biss. 399; Northrup v. Insurance Co., 43 N. Y. 516. (2) The "injury" is sustained while actually riding as a passenger in the car, even though the ultimate injury does not occur until insured has fallen from the car to the ground.  James v. Casualty Co., 113 Mo. App. 629; Insurance Co. v. Muir, 126 Fed. 930.  (3) The exception clause (getting on or off) does not apply to an act performed to avoid an imminent impending peril unless expressly so stated in the policy. Reynolds v. Insurance Co., 1 N. Y. Supp. 738; Miller v. Insurance Co., 39 Minn. 548; Sawtelle v. Insurance Co., 15 Blatch. 216.

GOODE, J.—Respondent, while insured by appellant against accidents, fractured his leg in a leap from a trolley car on a cross-country line in Illinois. A collision appeared to be imminent between the car and a threshing machine drawn by a traction engine, along a highway which intersected the railway, and in his alarm respondent, who was seated inside the car, went to the platform and jumped off.  A collision of slight violence occurred and the passengers who remained in the car were unharmed; in fact no one was hurt but respondent, though the conductor, motorman and some other passengers on the car likewise jumped off.   The tibia of respondent's leg was broken by the force with which he struck the ground.   The policy describes certain accidental injuries which, if sustained by the insured, might cause a total loss of time, for which the company would indemnify at the rate of twenty-five dollars a week; and further provided as follows:

### "PART III—DOUBLE INDEMNITY.

"If injury as before described is sustained while the insured is (1) riding as a passenger and is in or

upon any railway passenger car using steam, cable or electricity as a motive power, or (2) a passenger on board a steam vessel licensed for the regular transportation of passengers, or (3) a passenger in an elevator provided for passenger service only, or (4) in a burning building, as owner, guest or tenant, the company will pay double the indemnity otherwise payable under Parts I or II of this policy.

"Double indemnity (Part III) shall not be payable for any loss resulting from injury sustained while getting on or off, or being on the step or steps of any railway or street railway car."

Respondent was disabled for more than eighteen weeks and appellant offered him single indemnity for the period of the disability, but he demanded double indemnity, contending he was entitled to it under the paragraph of the contract we have quoted. The company contends he was only entitled to single indemnity because his hurt was received while he was not riding as a passenger in or on the car, but while he was getting off. It being agreed respondent was injured as the result of his leap from the car, induced by a perilous situation, the court below held he was in or on the car in the meaning of the policy when hurt and, further that the accident did not come within the exception provided in the paragraph for double indemnity, to wit: if an injury happened while the insured was getting off or on or was on the steps of a car. Clearly respondent was not either actually in or upon the car in a physical sense when he was hurt. He had left the car in a leap he considered necessary to escape harm, and broke his leg when he struck the ground. Clearly, too, the injury was sustained while he was getting off the car, or rather, after he was off. The argument is that in framing the contract for insurance with those provisos, the parties did not intend to excuse the com-

pany from liability for a hurt inflicted in leaving a car to escape violent injury or death, but only to excuse it if the insured was hurt when he was not riding as a passenger and securely in or upon a car. An attempt is made to bring this case within the rule of law which will not permit a plaintiff to be charged with contributory negligence when he hurts himself in an effort to escape sudden peril, but that principle has no application because contract law must control the decision, not the law of torts. [Overbeck v. Insurance Co., 94 Mo. App. 453, 457; Hull v. Accident Assn., 41 Minn. 231; Insurance Co. v. Snowden, 45 Nev. 249; Insurance Co. v. Randolph, 78 Fed. 754.] The inquiry relates to the meaning of the contract as indicated by its language, read in connection with the purpose for which it was written. Respondent was insured as a commercial traveler in the class of selected risks; and no doubt his purpose was to provide for indemnity in case he was injured or killed accidentally in trips over his territory. The policy should be interpreted so as to extend its protection over as wide a field of accidental injury as is consistent with its language, but its natural meaning must not be violated. If the effect of an insurance contract is clear, it must be enforced as written, without adding an increased liability by construction; but as its terms are prescribed by the company, if they are of doubtful meaning, they will be construed most strongly against the company. [Schoormaker v. Hoyt, 148 N. Y. 431; Jamreck v. Insurance Co., 162 N. Y. 574; Carr v. Insurance Co., 100 Mo. App. 602. We think the language of the policy in suit admits of no doubt in respect of the company's duty to pay double indemnity. Respondent was not in or upon the car when hurt, but was getting off; the two contingencies which the contract said should exempt the company from double indemnity. How can it be said it was not the intention to allow single indemnity only, if he was hurt in jumping from a car in a peril-

ous emergency, when no such contingency is mentioned in favor of the insured? The policy does not undertake to state under what circumstances the party must be off the car or in the act of getting off, to exclude double indemnity. If it enumerated certain circumstances, probably an injury received while off the car or getting off under other circumstances, would lay the company liable for double indemnity. But it simply said double indemnity would be paid only in case the insured was hurt while riding as a passenger in or upon a car, and single indemnity if he was hurt while off or getting off or on. We can see nothing ambiguous in the language used. The argument is put forward that if the car was in flames, the insured would have to stay on it and be burnt to death or lose the right to double indemnity if he was in some way hurt in escaping from the conflagration. All insurance risks are taken by companies on the theory that human nature will prompt a man to do all he can in crises to avoid injury, and that the insuring company will get the benefit of this instinct of self-preservation. The sum of the matter in the present case is, that appellant was willing to take the chance of double liability from accidents occurring while respondent was on a car; and if he preferred to take the chance of injury or death in jumping off, he was bound to do so at his own hazard, and not the company's. In other words, the contract is so drawn as to exempt the company from double liability if the insured happens to be off a car, or getting off when hurt, no matter for what reason, and the company is entitled to the benefit of the exemption. We have studied all the cases cited for either side, but do not care to review them and will merely note them for the reader to look into if he wishes. The following involve policies whose terms were almost identical with those of the policy at bar, and in which companies were exonerated from accidents occurring under similar circumstances: Van Bokkellan v. In-

surance Co., 34 App. Div. 399; Anable v. Insurance
Co., 63 Atl. 92; Smith v. Insurance Co., 115 Ia. 217;
Insurance Co. v. Vandecar, 86 Fed. 282; Miller v. In-
surance Co., 39 Minn. 548.; Hull v. Insurance Co., 41
Minn. 231; Houston v. Insurance Co., 66 Oh. St. 246;
Insurance Co. v. Snowden, 45 Neb. 249; Insurance Co.
v. Brookover, 73 S. W. 246. These cases are supposed
to favor respondent's position, and perhaps they do
in some measure. [Northrup's Admr. v. Insurance Co.,
43 N. Y. 516; Tooley v. Insurance Co., 3 Biss. 399.]
The cases of Insurance Co. v. Muir, 126 Fed. 926, and
Fidelity & Casualty Co. v. Morrison, 129 Ill. App. 360,
do not help him. In the Muir case the policy provided
for double indemnity if the insured was injured while
riding as a passenger "in or on a public conveyance
provided by a carrier of passengers and propelled by
steam," etc. The insured went on the platform to vomit
and was thrown from it and killed. The court decided
the double indemnity clause covered injuries received
while the insured was on the platform of a car, as mani-
festly it did. In the Morrison case double indemnity
was to be paid if the insured was hurt while riding
"as a passenger in or on a public conveyance propelled
by steam," etc. Morrison fell from an elevated train
in the suburbs of Chicago and was killed. The opinion
reasoned on the facts and concluded they proved that
when Morrison fell off, one of his feet was on the step
of the car, his other foot had been raised from the sta-
tion platform and he was holding by the handrail of the
car; hence the court held he was actually on the car
as a passenger.

The judgment is reversed and the cause remanded
with directions to the court to set aside the judgment
for double indemnity and enter judgment for single.
All concur.