WEBB, Respondent, v. THE MISSOURI STATE LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, December 29, 1908.

1. **LIFE INSURANCE: Construction of Policy: Deduction for Debt: Ejusdem Generis.** A life insurance policy provided that "any indebtedness to the association under any provision thereof or otherwise" should be deducted in any settlement of the policy or benefit thereunder. Under that provision, in an action on the policy, the company was entitled to a deduction for money advanced to the insured during his life. The rule of *ejusdem generis* does not apply in the construction of the expression "or otherwise," but those words cover indebtedness other than balances on premiums and indebtedness growing out of the policy.

2. ————: ————: ————: ————: **Unambiguous Contracts.** The contract being plain and unambiguous, it must be enforced according to the natural sense of the expressions used, and effect given to every part of it.

3. ————: ————: ————: **Application of Statute.** The provisions of section 7895, Revised Statutes 1899, to the effect that policies of insurance expressed to be for the benefit of the wife of the insured, shall inure to her benefit independent of the creditors of the husband, has no application to the construction of such contract.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds,* Judge.

REVERSED AND REMANDED.

*Jones, Jones, Hocker & Davis* and *Herbert N. Arnstein* for appellant.

*Percy Werner* for respondent; *Robert A. Crabb* of counsel.

GOODE, J.—This is an action on a policy of insurance issued by the Safety Fund Life Association of St. Louis to Stephen O. Webb. Defendant has assumed the outstanding contracts of said Life Association, and indeed, is simply said Association doing business under a new name. The policy was issued February 1, 1900, and insured the life of said Webb in the sum of two thousand dollars for the benefit of plaintiff, who was his wife. The insured died January 6, 1907, having paid the premiums and complied with the other conditions of the policy. Defendant filed an offer to let plaintiff take judgment for a certain sum, contending it was entitled to deduct from the face of the policy the amount of some debts owed by the insured to the Association. This contention was based on a paragraph of the policy which provided as follows:

"Any indebtedness to the Association under any provision hereof or otherwise, including any balance of the premiums for the insurance year remaining unpaid, will be deducted in any settlement of this policy or of any benefit thereunder."

The offer of judgment was not accepted by plaintiff, and afterwards defendant filed an answer admitting the allegations of the petition except the one that it was indebted to plaintiff in the sum of $2,000, and averring that though plaintiff was designated as the beneficiary in the policy, said instrument provided for a change of the beneficiary by the insured, and provided, further, that any indebtedness to the association might be deducted under a settlement of the policy or a benefit accruing thereunder. The answer then averred the insured was indebted to defendant at the time of his death, for money advanced and paid to him at his special instance and request between May 20, 1901, and

134 App—37

January 15, 1907, as per the items of a running account filed with and made a part of the answer. It was further averred defendant had tendered to plaintiff the amount of the policy less the amount of said indebtedness, or $1,566.58, which sum it admitted owing to her and offered to pay. The account appended to the answer as part of it, was entitled S. O. Webb, in account with the Missouri State Life Insurance Company, and consisted of various advancements of cash to Webb by defendant and of credits for payments made by Webb from May 29, 1901, to January, 1907. There were thirty-eight debit charges and ninety-four credits in the account. Plaintiff filed a motion to strike out portions of the answer, to-wit: averments regarding the proviso that beneficiaries might be changed by the insured, and the averment regarding the right of the company to deduct from the face of the policy any indebtedness the insured owed the Association, which averment was composed of the paragraph we have excerpted from the policy. The reason assigned in the motion to have these averments struck out of the answer was that the one regarding the change of beneficiary, was not coupled with an allegation that the insured had at any time changed the beneficiary and, therefore, constituted no defense, and the averment regarding the right of the company to deduct from the face of the policy the indebtedness it held against the insured, was no defense in view of section 7895 of the Revised Statutes of 1899, which provides that any policy of insurance issued on the life of a person and expressed to be for the benefit of the wife of the insured, shall inure to her separate benefit independent of the creditors, executors and administrators of the husband. Another reason assigned for striking out said allegation of the answer was that under the policy contract as pleaded, defendant had no right to make any deduction from the principal sum named in the policy. What was meant by the latter reason, is that the proviso in the policy for the deduction of any indebtedness due

the association under some provision of the policy, or otherwise, including a balance due for premiums, intends only that an indebtedness arising under the policy, whether for premiums or something else, can be deducted; but not other debts. That is to say, plaintiff contends the paragraph is to be construed according to the doctrine of *ejusdem generis*. The court sustained the motion to strike out and defendant having declined to plead further, judgment was entered for plaintiff in the sum of $2,000, with interest from April 18, 1907. Thereupon the present appeal was prosecuted.

In the brief for respondent, it is admitted the provision in the policy for a deduction from the face of it of any indebtedness due the insurance company from the insured, is valid. The admission in the brief is in these words:

"We are perfectly free to admit, as urged by appellant, that under our statutes (R. S. Mo. 1899, sec. 7895) it is the policy that inures to the separate benefit of the wife, and that there is nothing to prevent the insertion of a condition in the contract by which her right to the insurance might be in whole or in part, defeated. The important question here is: 'What is the contract?' "

Accepting as sound the proposition thus agreed to by both parties, the inquiry is, as stated in respondent's brief, "What is the contract?" In other words, what indebtedness did the paragraph intend might be deducted? For respondent it is contended the rule of *ejusdem generis* should be applied to the paragraph, and the words "or otherwise" be construed with reference to their context, and held to mean any indebtedness growing out of the insurance contract for premiums or something else. To our minds this interpretation is untenable without we expunge as inoperative the words "or otherwise." This is true because the paragraph specifically authorizes a deduction of any indebtedness under any provision of the policy and for premiums, and the words "or otherwise," in order to have

any effect, must mean other kinds of indebtedness. Prime rules for the interpretation of contracts are that when the words used are plain and unambiguous, they must be enforced in their natural sense, and that effect must be given, if possible, to every part of an instrument. [Lovelace v. Assn., 126 Mo. 104; Hanna v. Land Co., Id. 1; Calloway v. Henderson, 130 Mo. 77.] In our opinion this paragraph is too plain for any meaning to be given to it except the one naturally implied by the language. Discussion will not aid us, for clearly the import of the words cannot be altered or abridged without substituting another contract for the one the parties made. Opinions have been cited which lend support to the argument for respondent; none, however, we think, in which the intention to permit the company to deduct any indebtedness the insured might owe it is so explicitly stated, as in the present case. None of the cases on which respondent relies is controlling authority in this jurisdiction and we would be indisposed to follow their doctrine if it went to the extent respondent contends. They are these: Union Cent. Life Ins. Co. v. Woods, 11 Ind. App. 335; Jacobs v. Ins. Co., 1 McArthur 632; Lowenstein v. Gas Co., 88 Fed. 474; Donely v. Bank, 40 Ohio St. 47; Lewis v. Smith, 9 N. Y. 502; C. & N. Railroad v. Hanver, 66 S. W. (Ky.) 375; West Chicago R. R. v. Morrison, 160 Ill. 288. All said decisions are not equally in point, and the one cited from the Indiana Appellate Court involves a contract which is more like the one at bar than are the contracts involved in the other cases. In favor of the opposite view, which we adopt, are: Leonard v. Ins. Co., 65 Conn. 529; Albert v. Life Ins. Co., 122 N. C. 92; Stepp v. Assn., 37 S. C. 417; Hesterberg v. Ins. Co., 1 Cinc. Sup. Ct. 483; Union Cent. Life Ins. Co. v. Spinks, 119 Ky. 261, 69 L. R. A. 264. It seems to us the doctrine of *ejusdem generis* is not applicable to this contract because the words "or otherwise" do not follow an enumeration of particular kinds of debts which may be deducted, and because they

are employed to express the intention to make the policy subject to deduction, not only of debts arising out of the contract, such as insurance premiums, but other classes of debts. The statute pleaded by respondent in the answer (R. S. 1899, sec. 7895) which says policies of insurance expressed to be for the benefit of the wife of the insured, shall inure to her separate benefit independent of the creditors, etc., of the husband, has no pertinency; as is, in effect, conceded in the concession that the stipulation with which we are dealing is valid. Another section of the statutes may be referred to as indicating the policy of the State is to some extent in favor of allowing debts at large to be deducted from the face of insurance policies. Section 7897 (R. S. 1899) which provides for extended insurance after the payment of three annual premiums, says any notes given on account of past premiums on the policy, or any evidence of indebtedness to the company, may be deducted from the policy in computing its net value as extended insurance. Under the statute as it stood prior to the amendment (sec. 5866, R. S. 1899) it was held by the Supreme Court that loans to the insured could not be deducted from the net value of the policy. [Smith v. Ins. Co., 173 Mo. 329.] The statute as it was in force when said case was decided, provided for a deduction from three-fourths of the value of the policy of any notes or other evidence of indebtedness to the company, given on account of past premiums on the policy. No doubt this decision led to the amendment of the section allowing other indebtedness to be deducted. We do not rest our decision at all on said statute, but on the language of the paragraph.

The case of New York Life Ins. Co. v. McDearmon, 114 S. W. 57, which has been cited as exactly in point, we regard as not at all so. Said action was against McDearmon and the sureties on a bond executed by him to secure the faithful performance of his duties as agent for the insurance company, the payment of all moneys

which might come into his hands, by collection or receipt, or for which he might be liable as agent, and all moneys he owed at the time the bond was given or might thereafter owe the company, or be liable for, on account of loans or advances made to him for the purpose of enlarging his business or otherwise, and whether the same should have been advanced under the terms of his agency agreement with the company, or otherwise. This was a bond to indemnify the company for the performance by McDearmon of his duties as agent and for the payment over of money which he might be liable for as agent, or which might be advanced to him for the purpose of enlarging his business. The advances sought to be recovered were made to McDearmon to support his family, were outside the obligation of the bond in which the sureties were bound, and the words "or otherwise." when read with their context, were clearly not meant to lay the sureties liable for money advanced to him personally, instead of as agent.

The judgment is reversed and the cause remanded. All concur.