This is a proceeding in garnishment in aid of an execution. Muriel Newbill is the plaintiff and judgment creditor, while the Union Indemnity Company, a corporation, is the garnishee of Vincent Calamia, the defendant and judgment debtor in the original action.
The judgment, which was by default, was one for $5,000 in an action for damages for personal injuries sustained by plaintiff when struck by a service car being driven by defendant along the regular route in the city of St. Louis designated for the particular service car at the time of the accident.
Two executions were issued on the judgment, both of which were returned nulla bona; and thereafter the present garnishment proceeding was instituted, the issue being the question of the liability of the garnishee upon a certain policy of liability insurance theretofore issued by it pursuant to the requirements of an ordinance of the city of St. Louis, designed to regulate the use and operation of service cars upon the streets.
The material section of the ordinance (section 7 of Ordinance No. 37019) was as follows: "Each applicant for a license to operate a service car as herein defined shall in *Page 659 
addition to the requirements herein mentioned maintain and carry liability insurance in the sum of Five thousand Dollars for any one person, and the sum of Ten thousand Dollars for any two or more persons who may be injured at any one time by reason of the carelessness or negligence of the driver or operator of said service car. * * *"
It will be observed from the language of the ordinance that a distinction is to be drawn between the terms "operator" and "driver," the "operator" of a service car being the person who is licensed to have the car upon the streets in the business of carrying passengers for hire, while the "driver" is the one who actually drives the car. However, in the actual prosecution of the business, it was possible for the same person to be both operator and driver, and there were undoubtedly many instances where such a situation existed.
Evidently about the time of or shortly following the enactment of the ordinance regulating the use and operation of service cars and requiring each operator to carry liability insurance, there was organized the St. Louis Service Car Association, which was incorporated under a pro forma decree entered in regular course by the circuit court of the city of St. Louis. The association was made up of persons who operated and drove service cars, and in the ordinary course of affairs its membership fluctuated from month to month. Defendant was a member of the association in good standing, making monthly payments of his dues, a portion of which was applied by the association towards the cost of the insurance.
The difficulty in the case arises from the connection of defendant's wife, Catarina Calamia, with the ownership and operation of the particular car which struck and injured plaintiff, and from the fact that defendant's name was not mentioned in the policy. It seems to be a conceded fact that the license plates for the car had been issued to Catarina Calamia, and defendant himself, who was put upon the stand as a witness for plaintiff, testified that the car had been purchased with his wife's money, and that the title was in her name. Furthermore, the records of the department of streets and sewers of the city of St. Louis were identified by the secretary of such department, who had been called as a witness for plaintiff, and these records, introduced in evidence as a part of the garnishee's case, disclosed that Catarina Calamia had been granted an operator's license and defendant only a driver's license. However, Catarina Calamia herself testified for plaintiff that she neither owned nor operated a service car, and so we presume that the issue of her status was one for the jury to determine to whatever extent it was material upon the ultimate decision in the case.
Following the incorporation of the association, and in line with the requirements of the ordinance, the garnishee issued the policy now involved in this proceeding, and caused it to be filed with the proper city authorities. Under the heading "Name of the Assured" appeared the words "St. Louis Service Car Association and/or individuals listed herein." The names of the individuals, approximately one hundred in all, did not appear in what might be termed the policy proper, but were listed in various indorsements thereon without any uniformity of expression, certain of the indorsements containing two names, and others only one name. As regards the case at hand, it will suffice to say that the name of Catarina Calamia alone appeared in the indorsement to the policy which purported to extend the coverage of the policy to the use and operation of the car which struck and injured plaintiff.
Conceding that the name of defendant was not indorsed upon the policy, it was and is the position of plaintiff that the policy was ambiguous on its face so as to permit the introduction of extrinsic evidence to show the meaning of the contract, and that, inasmuch as defendant was a member of the St. Louis Service Car Association in good standing, the policy was one for his benefit, and he was as fully insured thereunder as though his name had appeared in the policy. The garnishee put its defense upon a denial that defendant was covered by the policy, or that it was ambiguous so as to warrant the introduction of parol evidence to explain its terms; and thus the issues, so far as we need consider them, were made up.
Judgment was rendered in favor of plaintiff, and against the garnishee, in the sum of $5,406; and, following the refusal of its motion for a new trial, the garnishee has duly appealed.
The chief insistence of the garnishee is that its requested peremptory instruction in the nature of a demurrer to all the evidence should have been given; the parties joining issue upon the several propositions which have been heretofore disclosed. Though the matter is not without its difficulties, we cannot escape the conclusion that the law of the case is with the garnishee.
The ordinary contract of insurance is a personal one, appertaining to the insured alone, and not attached or incidental to or running with the property or thing which is the subject of the risk against which the insured is protected. In other words though in this instance it was the risk from the use and operation of the particular service car which was insured against, the insurance did not follow the car so as to have protected any one who might have been driving it at the moment the risk attached, but instead the insurance was of a character wholly personal to such parties as were covered by the policy. Millard v. Beaumont, 194 Mo. App. 69, *Page 660 185 S.W. 547; Doggett v. Blanke, 70 Mo. App. 499.
Now the parties specifically insured were the St. Louis Service Car Association, a corporate entity, and the several individuals whose names appeared in the indorsements to the policy. Defendant's name was not listed, though the name of his wife, Catarina Calamia, did appear. He therefore was not insured under the policy, unless it be that it was so drawn as to indicate that it was for the benefit of some class of persons of whom he might be one, or that it was ambiguous on its face so as to warrant the introduction of parol evidence to explain the intention of the parties.
It is true that in a policy of insurance the insured may be described in such a way that any person may be comprehended and become entitled to the benefits of the contract by proof that he was the party intended by the policy, but, where the policy contains no language indicative that the interest of any person other than the one named in the policy was intended to be covered by it, then the insurance can be applied only to the designated insured's own interest or liability. Of course, where the policy does indicate on its face that it is for the benefit of some unnamed third person, parol evidence will be admissible to show, not only the identity of the party to be covered, but his interest in the property insured as well; the admissibility of such evidence resting upon the fact that it does not in any way change or contradict the terms of the policy, but only serves to develop and explain a latent ambiguity. Wise v. St. Louis Marine Insurance Co., 23 Mo. 80; Platho v. Merchants' Manufacturers' Insurance Company of St. Louis, 38 Mo. 248.
Now, if we take the policy as written, there is nothing to indicate that it was intended to insure or be for the benefit of any one save the St. Louis Service Car Association and the individuals whose names appeared in the several indorsements to the policy. Nor do we think that there is any ambiguity, either patent or latent, about the designation of the parties covered by the policy. The one is a corporate entity, which, whether or not it could be held liable to respond in damages for injuries resulting from its negligence, nevertheless had a right to secure insurance. Indeed, the reason for the inclusion of the association among the assureds lies in the conceded fact that the individuals insured were thereby able to secure a flcet or cheaper rate of insurance. And, granting that the names of the individuals did not appear in the policy proper, but only in the endorsements to it, there was still no ambiguity about the situation, since the indorsements, when attached to the policy, became as much a part of it as though originally written therein, especially in view of the fact that the face of the policy bore the notation "See Endorsements Attached." Epperson v. New York Life Insurance Co., 90 Mo. App. 432, 438; O'Connor v. Columbia Insurance Co., 169 Mo. App. 150, 152 S.W. 396; Taylor v. Loyal Protective Insurance Co. (Mo.App.) 194 S.W. 1055; Rowland v. Missouri State Life Insurance Co. (Mo.App.) 48 S.W. (2d) 31, 34.
As supporting her contention of an ambiguity, plaintiff refers to the indorsement to the policy which extended its coverage to Catarina Calamia, and particularly to the notation therein that it was attached to and formed a part of the policy issued by the garnishee to "St. Louis Service Car Association et al." In other words, her point is that the use of the expression "et al." justified the introduction of parol evidence to show what other parties were intended to be insured. Under some circumstances, her point would be well taken, but not in the situation here. The only purpose served by the language of the indorsement was to connect the indorsement with the policy proper where the insuring clause was to be found, and such insuring clause did not use the expression "et al.," but specifically designated the assured as "St. Louis Service Car Association and/or individuals listed herein."
Of course, if there was an ambiguity about the policy, and if it was susceptible of two interpretations equally reasonable, then the interpretation most favorable to the insured would have to be adopted. But we find no ambiguity about the policy, and therefore there is no room for the above rule of interpretation to apply or for us to attempt to construe the policy, and we are therefore left with the duty simply to apply its terms as written. State ex rel. v. Cox, 322 Mo. 38, 14 S.W.(2d) 600; Grover v. Hartford Accident Indemnity Co. (Mo.App.)51 S.W.(2d) 210; Kimbrough v. National Protective Insurance Ass'n,225 Mo. App. 913, 35 S.W.(2d) 654; Cochran v. Standard Accident Insurance Co., 219 Mo. App. 322, 271 S.W. 1011; Spilman v. Masonic Mutual Accident Co. (Mo.App.) 235 S.W. 479; Banta v. Continental Casualty Co., 134 Mo. App. 222, 113 S.W. 1140; Maupin v. Southern Surety Co., 205 Mo. App. 81, 220 S.W. 20; Robyn v. New Amsterdam Casualty Co. (Mo.App.) 257 S.W. 1065.
It may well be that defendant was entitled to be covered by the policy, and that the omission of his name was the result of a mistake of a nature to have warranted the reformation of the policy in a proper proceeding. But in this proceeding the contract must stand and be applied as actually written, and the court will not be permitted either to add to or to take away from the language used in order to express what the parties may perhaps have intended, or to make for them such a contract as the court might *Page 661 
think ought to have been made under the circumstances.
The name of defendant not having been included in the policy, there being nothing on the face of the same to indicate that it was written for his personal benefit, and there being no ambiguity in its language so as to have warranted proof by parol evidence that he was intended to be covered by it, it follows that the insuring of his liability must be held to have been outside of and no part of the undertaking of the garnishee. United Zinc Companies v. General Accident Assurance Corporation,125 Mo. App. 41, 102 S.W. 605.
The judgment rendered by the circuit court should therefore be reversed; and the commissioner so recommends.
PER CURIAM.
The foregoing opinion of BENNICK, C., is adopted as the opinion of the court.
The judgment of the circuit court is, accordingly, reversed.
BECKER, P.J., and KANE and McCULLEN, JJ., concur.
 *Page 780